IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER FUDGE, JR.,

                                                                          OPINION and ORDER

                Plaintiff,

                                                                          13-cv-791-bbc

    v.

VA HOSPITAL and GAIL MEISSEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Proceeding pro se, plaintiff Sylvester Fudge filed a workplace discrimination complaint in the United States District Court for the Middle District of Tennessee against defendants Gail Meissen and the Veterans Hospital located in Madison, Wisconsin. The court in Tennessee transferred the case to this court after finding that plaintiff qualified financially to proceed without prepayment of the filing fee. Having made my own independent review of plaintiff's financial materials, I make the same finding.

      The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010).

      After reviewing plaintiff's complaint, I conclude that he may not proceed at this time

1

because his complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires plaintiff to plead enough allegations of fact to make a claim for relief plausible, that is, reasonable on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether the details in the complaint satisfy this standard, a district court should consider only factual allegations and disregard "mere conclusory statements." Iqbal, 556 U.S. at 678. A complaint consisting of nothing more than "naked assertions devoid of further factual enhancement" must be dismissed for failing to meet the requirements of Rule 8. Id.

In the section of the complaint form asking the grounds for this case, plaintiff stated, "Discrimination." The only allegation he made in the body of the complaint was that he "was an employee at the VA Hospital Madison WI when it subjected him to a hostile work environment as evidenced." This conclusory allegation is not supported by any factual allegations. No defendant could understand from plaintiff's statement what he is accusing the defendant of doing. Because the pleadings are insufficient as written to put defendants on notice of plaintiff's claims against them, I must dismiss the complaint.

I will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claim? For example, why

2

- does plaintiff believe he faced a hostile work environment or was discriminated against?

- Is plaintiff a member of a protected class?  Does he believe that he was discriminated against or subjected to a hostile work environment because of his race, color, gender, religion, national origin or some other category?

- Who is defendant Meissen and what did she do to plaintiff?

- What relief does plaintiff want the court to provide?

Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements.

Plaintiff should also consider whom to name as a defendant in the new complaint. Although it is difficult to tell the precise nature of plaintiff's claim given the lack of factual allegations, it is likely that he cannot bring a proper claim against either the Veterans Hospital itself or Meissen.  For instance in a Title VII discrimination claim against a federal employer, the proper defendant is "the head of the department, agency, or unit," 42 U.S.C. § 2000e-16(c), in this case probably the Secretary of the Department of Veterans Affairs.

Plaintiff may have until December 31, 2013 to submit an amended complaint.  If he does not submit his amendment by this deadline, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that plaintiff Sylvester Fudge's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until December 31, 2013 to submit an amended complaint.  If plaintiff fails to do so by this deadline, I will direct the clerk of court to

enter judgment in favor of defendants VA Hospital and Gail Meissen and close the case.

Entered this 11th day of December, 2013.

                                                        BY THE COURT:
                                                        /s/
                                                        BARBARA B. CRABB
                                                        District Judge